UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | : |
| MONTY ONE, LLC, | : Case No. 14-cv-8183 |
| Plaintiff, | : |
| | : **STATEMENT PURSUANT** |
| - against- | : **TO FED. R. BANKR. P. 9027(e)(3)** |
| D.A.B. GROUP, LLC, and 77-79 RIVINGTON STREET REALTY, LLC, | : |
| Defendant. | : |

### STATEMENT OF PLAINTIFF MONTY ONE, LLC PURSUANT TO RULE 9027(e)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Monty One, LLC ("Monty"), the plaintiff in the action styled *Monty One, LLC v. D.A.B. Group, LLC and 77-79 Rivington Street Realty, LLC*, Index No. 652844/2013 (the "Action"), commenced in the Supreme Court of the State of New York, County of New York (the "State Court"), through its undersigned counsel, submits this statement, pursuant to Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), responding to the jurisdictional allegations set forth in the Notice of Removal of D.A.B. Group, LLC and 77-79 Rivington Street Realty, LLC (collectively, "Defendants"), dated October 14, 2014 [Docket No. 1] (the "Notice of Removal").

### RESPONSE

1.  Bankruptcy Rule 9027(e)(3) provides:

    (e) Procedure After Removal.

    * * *

    (3) Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any

>allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 14 days after the filing of the notice of removal. Any party who files a statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action.

Fed. R. Bankr. P. 9027(e)(3).

2. Defendants' Declaration in Support of Removal (the "Declaration") contends that the bankruptcy court has jurisdiction over the action because the Action is "a core proceeding that impacts and concerns the administration of the bankruptcy case (28 U.S.C. §157 (b)(2)(A)); involving resolution of a counterclaim by the estate (28 U.S.C. § 157(b)(2)(C); and also implicates the use and sale of property of the estate (28 U.S.C. § 157(b)(2)(M) and (N)); as well as the liquidation of assets and adjustment of debtor-creditor relationships under 28 U.S.C. § 157(b)(2)(O)." Declaration ¶ 8.

3. On the contrary, the Action, pending in the State Court long before the bankruptcy cases of either of the Defendants were commenced, involves issues of purely state law and does not concern the administration of the bankruptcy case. Moreover, there is no counterclaim by the estate currently pending against Monty. Indeed, the Defendants' motion to amend their answer in the Action to include a counterclaim is still pending before the State Court. In addition, Monty has not filed a claim in the bankruptcy case; and even if it did, the Defendants' alleged counterclaims would not be sufficiently related to any claims by Monty against the Defendants as required under *Stern v. Marshall*, 131 S. Ct. 2594 (2011) to render the Action core.

4. As a result, the matters at issue in the Action are *non-core matters* subject to 28 U.S.C. § 157(c)(1).

5. Monty does not consent to the entry of final orders or judgments by the bankruptcy judge in this Action.

6. The Notice of Removal contains commentary and characterizations that do not require a response in order to satisfy the requirements of Bankruptcy Rule 9027(e)(3). Accordingly, Monty will not, through this Statement, respond to the mischaracterizations and gratuitous commentary included in the Notice of Removal and Declaration. Monty reserves the right and opportunity to do so if and when necessary or appropriate.

7. Monty reserves all rights, claims and defenses against the Defendants and their estates.

Dated: October 28, 2014  
      New York, New York

By: */s/ Gerard S. Catalanello*  
    Gerard S. Catalanello, Esq.  
    Patricia H. Heer, Esq.  
    Duane Morris LLP  
    1540 Broadway  
    New York, NY 10036-4086  
    Telephone: 212.692.1000  
    Fax: 212.692.1020  
    *gcatalanello@duanemorris.com*  
    *phheer@duanemorris.com*  

    *Attorneys for Plaintiff Monty One, LLC*